**Bingsu YANG, a.k.a. Benjawan Suksawad, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71434.

Agency No. A77–958–097.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2003.

Decided Jan. 22, 2004.

Liu Yu, New York, NY, Angela Valente Romeo, Law Offices of A.M. Valente Romeo, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Mark C. Walters, Esq., Jennifer L. Lightbody, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before WALLACE, HALL, and O'SCANNLAIN, Circuit Judges.

## MEMORANDUM *

We uphold the BIA's dismissal of Yang's appeal.

Because the facts are known to the parties, we discuss them here only as necessary to render our decision.

The BIA and IJ rejected Yang's claims because they found that she was not credible. The BIA's credibility findings must be upheld unless "the evidence presented would *compel* a reasonable finder of fact to reach a contrary result." *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999) (emphasis in the original) (internal quotation marks and citations omitted). Under the substantial evidence standard, the IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994).

In this case the BIA and IJ offered a cogent reason for disbelieving Yang: her testimony was inconsistent with that of her aunt. In responding to repeated questions about Yang's departure for the United

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

States and the political problems of Yang's mother, Yang's aunt never said anything about Yang's mother's house having been bombed.

Yang's counsel first asked Yang's aunt why Yang's mother sent Yang to the United States. Yang's aunt replied that "the mother said that there has been some problems at home and asked that we take care of her." Yang, however, specifically testified that she was sent to the United States because her mother's house was bombed.

When asked if she knew what "problem" Yang's mother was referring to, Yang's aunt said, "[Yang's mother] said that you must take good care of [Yang], she didn't say anything else." Yang's aunt did not mention a bombing.

When asked what she knew about the relationship between Yang's mother and Yang Gui Fu, Yang's aunt said that "[w]hen I heard her voice, her tone of voice, it sounds like there are some conflicts." Yang, however, testified that Yang Gui Fu had orchestrated the bombing of her mother's house.

The IJ then asked Yang's aunt: "Did your sister say anything else at all about the situation there in the village that was remarkable or stuck in your memory?" The aunt answered that Yang's mother "[s]aid that she will send my niece over to me to take care of, that there are some problems at home." Again, Yang's aunt said nothing about a bombing.

Yang's aunt also testified that she had been to Yang's mother's house after the alleged bombing and that she spoke regularly with Yang's mother. This testimony led the IJ to state in his oral decision "that if these two ladies who are sisters, who were talking, then certainly the witness

would have been apprised that there had been a bomb blast at the family home." It was reasonable for the IJ and BIA to infer that, had the house actually been bombed, Yang's aunt would have mentioned it in responding to the questions about why Yang came to America and what kind of relationship Yang's mother had with the alleged bomber. The BIA therefore found that Yang's aunt's testimony contained a "material omission" and conflicted with Yang's own testimony. The record does not compel a contrary finding.

Yang also argues that her aunt was not credible. However, the record does not disclose that Yang's aunt was suffering from "mental turbulence" or was not able to express herself.

The petition is **DENIED.**